FILED

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(ALEXANDRIA)

2013 JAN -9 P 2:09

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| Teneshia Bullock, Reginald Spence, Miguel Ocasio, and all others similarly situated, | )<br>)<br>) |
| Plaintiffs, | )<br>) CLASS ACTION<br>) COMPLAINT & JURY TRIAL<br>) DEMAND<br>) |
| vs. | ) 1:13cv38<br>) TSE/JFA |
| Loomis Armored, US, | ) |
| Defendant. | ) |

Plaintiffs Teneshia Bullock, Reginald Spence, and Miguel Ocasio, both individually and on behalf of all others similarly situated, by and through their counsel, allege the following:

## NATURE OF THE CLAIM

1. This is an action for declaratory relief, monetary damages, and equitable relief to redress the deprivation of rights secured to plaintiffs Teneshia Bullock, Reginald Spence, and Miguel Ocasio, and all other employees similarly situated, under the Fair Labor Standards Act of 1983, as amended, 29 U.S.C. § 201 *et seq* ("FLSA"), and the Virginia common law, for failure to pay overtime wages and unjust enrichment.

1

## JURISDICTION AND VENUE

2. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b); and 28 U.S.C. § 1337, conferring jurisdiction of any civil action arising under any Act of Congress regulating interstate commerce.

3. Supplemental jurisdiction is proper for plaintiffs' state law claim arising under the same case or controversy pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District of Virginia pursuant to 28 U.S.C. § 1391(b) and pursuant to Local Civil Rule 3(c) because Plaintiffs' claims arose in at Defendant's Springfield, Virginia branch, located within this judicial district.

## PARTIES

a. **Defendant**

5. Defendant Loomis Armored, US ("Loomis") is a division of Loomis AB, a Swiss commercial services corporation. Loomis has 9,000 employees in the United States spread across 170 branches. Loomis operates a fleet of 3,000 vehicles and is the largest automatic teller machine servicer in the United States, according to a presentation given by Jarl Dahlfors, Loomis AB's Executive Vice President and Regional President, US in London on November 14, 2012 at Loomis AB's Capital Markets Day.

6. Loomis' principal place of business in the United States is 2500 CityWest Boulevard, Suite 900, Houston, Texas, 77042.

7. Loomis employs or employed the named and putative plaintiffs in the Eastern District of Virginia at 8015 Corporate Court, Springfield, Virginia, 22153 ("Springfield Branch").

8. Loomis performs cash logistics services for automatic teller machines, banks, and other financial institutions in the Eastern District of Virginia.

9. Loomis is and was engaged in the cash logistics services for automatic teller machines, banks, and other financial institutions across interstate lines throughout the United States.

10. Loomis is and was engaged in interstate commerce and its annual gross volume of sales is not less than $500,000.

11. At all times relevant to this action, Loomis is or was the employer of Plaintiffs within the meaning of 29 U.S.C. § 203(d) and is an "enterprise" engaged in commerce or the production of goods for commerce as defined in 29 U.S.C. §§ 203(r) and 203(s).

a. **Plaintiffs**

12. Named Plaintiff Teneshia Bullock resides within the Eastern District of Virginia.

13. From January 8, 2012 to present, Bullock has been an employee of Loomis at the Springfield Branch working as a Driver and ATM Technician ("ATM Tech") performing cash logistics services for automatic teller machines, banks, and other financial institutions in the Eastern District of Virginia and in other districts, including districts across interstate lines.

14. In performing her duties as a Driver and ATM Tech for Loomis, Bullock either drove or was part of a crew in a van, truck, or a sedan that weighed less than 10,000 pounds.

15. During the period of her employment with Loomis, Bullock often worked in excess of 40 hours per week, but was not compensated for these hours at the required hours rate of time and one-half unless she worked on six consecutive days within the same week.

16. Named Plaintiff Reginald Spence resides within the Eastern District of Virginia.

3

17. From January 29, 1999 to present, Spence has been an employee of Loomis at the Springfield Branch in a variety of positions. During most of his tenure at Loomis and during the period relevant to this actions, Spence worked as a Driver assisting in the performance of cash logistics services for automatic teller machines, banks, and other financial institutions in the Eastern District of Virginia and in other districts, including districts across interstate lines.

18. In performing his duties as a Driver for Loomis, Spence either drove or was part of a crew in a van, truck, or a sedan that weighed less than 10,000 pounds.

19. During the period of his employment with Loomis, Spence often worked in excess of 40 hours per week, but was not compensated for these hours at the required hours rate of time and one-half unless he worked on six consecutive days within the same week.

20. Named Plaintiff Miguel Ocasio resides within the Eastern District of Virginia.

21. From September 17, 1990 to November 2012, Ocasio was an employee of Loomis at the Springfield Branch. Since roughly 1994, Ocasio has served almost exclusively as a Driver and during the period relevant to this actions, Ocasio worked as a Driver assisting in the performance of cash logistics services for automatic teller machines, banks, and other financial institutions in the Eastern District of Virginia and in other districts, including districts across interstate lines.

22. In performing his duties as a Driver for Loomis, Ocasico either drove or was part of a crew in a van or truck that weighed less than 10,000 pounds.

23. During the period of his employment with Loomis, Ocasio often worked in excess of 40 hours per week, but was not compensated for these hours at the required hours rate of time and one-half unless he worked on six consecutive days within the same week.

24. At all times, Plaintiffs have been employees within the meaning of the FLSA and the Labor Law.

## GENERAL ALLEGATIONS

25. Named Plaintiffs and Class Members work and worked as Drivers, Messengers, ATM Techs, and other fleet crew for Loomis, but were not paid time and one-half hours when they worked in excess of forty hours per week unless the Named Plaintiffs and Class Members worked for six consecutives days within the same week.

26. Named Plaintiffs and Class Members frequently work and worked over 40 hours in a week while employed by Loomis.

27. Named Plaintiffs and Class Members performed and perform cash logistics services for automatic teller machines, banks, and other financial institutions ("Fleet Services").

28. In performing Fleet Services, Named Plaintiffs and Class Members drove a variety of vehicles, including:

   i. Vans, weighing less than 10,000 pounds

   ii. Box Trucks, weighing in excess of 10,000 pounds

   iii. Loomis owned light vehicles, including a Chevy Malibu Sedan, weighing less than 10,000 pounds

   iv. Non-Armored Personal Vehicles, i.e., vehicles owned or leased by employees, weighing less than 10,000 pounds, which Mixed-fleet personal were asked to use to run routes and other official fleet business

29. This combination of vans, trucks, light vehicles, and Personal Vehicles created a mixed-fleet of vehicles with some vehicles weighing more than 10,000 pounds and some vehicles weighing less than 10,000 pounds.

30. Defendant treated Plaintiffs and Class Members as exempt under the FLSA, choosing to pay overtime only when Plaintiffs and Class Members worked for six consecutives days within the same week.

31. Defendant told the Named Plaintiffs and Class Members that its practice and policy was that all Loomis employees performing Fleet Services were not entitled to any extra compensation over their normal hourly rate for hours they worked over 40 in a week, but that Loomis elected to pay overtime when Plaintiffs and Class Members worked for six consecutives days within the same week.

32. Defendant's practice and policy was to not compensate the named plaintiffs and Class Members for Fleet Services at time and one-half for hours when the named plaintiffs and Class Members worked over 40 hours in a week, except when Plaintiffs and Class Members worked for six consecutives days within the same week..

33. Defendants knew or should have known that Drivers, Messengers, ATM Techs, and other employees who worked as part of the Loomis Fleet (collectively, "Fleet Personnel") were required by the FLSA to be paid statutory overtime. However, defendants willfully failed to pay statutory overtime when named plaintiffs and Class Members worked over 40 hours in a week.

34. Defendants knew or should have known that Fleet Personnel were required by the FLSA to be paid statutory overtime because the Department of Transportation warned Loomis

6

that payment of overtime was required. However, defendants willfully failed to pay statutory overtime when named plaintiffs and Class Members worked over 40 hours in a week.

35. Defendant's practice and policy was and is to be deliberately indifferent to its violations of the FLSA.

## PENDUM ACQUISITION

36. On March 31, 2011, Loomis reported the acquisition of Pendum, LLC ("Pendum"), a cash handling company responsible for servicing 43,000 automatic teller machines ("ATMs") across the United States.

37. As part of this acquisition, Loomis acquired a fleet of Pendum armored vans known as "Check Cashers" used primarily for servicing ATMs.

38. These Check Cashers are Ford E350 vans with a gross vehicle weight rating ("GVWR") of 9,001 pounds.

39. Loomis' Springfield, Virginia branch added these Pendum Check Cashers to their fleet after the acquisition.

40. On information and belief, close to half of the fleet based in Loomis' Springfield Branch was Check Cashers after the Pendum acquisition.

41. Plaintiffs Spence and Bullock regularly drove Check Cashers as part of their daily responsibilities.

42. Plaintiff Ocasio has occasionally driven a Check Casher as part of his work responsibilities.

## PERSONAL VEHICLES

43. Class Members have been asked to perform Fleet Services, including running of ATM Routes, in non-armored Personal Vehicles.

44. When Personal Vehicles were and are used for Fleet Services, Loomis policy provides for reimbursement to Fleet Personnel for mileage.

45. This mileage reimbursement policy indicates that the use of Personal Vehicles was knowing, intentional, willful, and not *de minimus*.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

46. The claims asserted in this case under the FLSA are properly maintainable as a collective action.

47. The collective action is brought by Plaintiffs and those similarly situated, defined as:

> All current and former employees of Loomis Armored, US who have participated in crews on vehicles in the Loomis fleet, including vehicles weighing both less than 10,000 pounds and vehicles weighing more than 10,000 pounds, who have not been paid overtime wages for hours worked in a week over 40 hours.

48. The non-FLSA claim asserted in this case is properly maintainable as a class action under subsections (1), (2), and (3) of Rule 23(b) of the Federal Rules of Civil Procedure ("FRCP").

49. The Class (hereinafter referred to as "Class Members") consists of:

> All current and former employees of Loomis Armored, US who have participated in crews on vehicles in the Loomis fleet, including vehicles weighing both less than 10,000 pounds and vehicles weighing more than 10,000 pounds, who have not been paid overtime wages for hours worked in a week over 40 hours.

50. Plaintiffs do not know the exact size of the potential class, but, according to a presentation given by Jarl Dahlfors, Loomis AB's Executive Vice President and Regional President, US in London on November 14, 2012 at Loomis AB's Capital Markets Day, Loomis has 9,000 employees who service and operate a fleet of 3,000 vehicles across 170 branches in the United States. Based on this information and belief, Plaintiffs believe that the class is not smaller 3,000 employees who work as Drivers, Driver's Assistants, ATM Techs, and other Mixed-fleet crew.

51. There are questions of law and fact common to all Class members.

52. Common questions of law and fact predominate this action because the claims of all Class Members are based on whether the defendant's practice and policy of not paying statutory overtime to exempt and/or nonexempt employees' for hours worked in excess of forty hours per week violates the FLSA.

53. The Named Plaintiffs, Teneshia Bullock, Reginald Spence, and Miguel Ocasio will adequately represent the interests of the Class Members because they are similarly situated to the Class Members and their claims are typical of, and concurrent to, the claims of other Class Members.

54. There are no known conflicts of interest between the named plaintiffs and the other Class Members.

55. The Erlich Law Office, PLLC and Bailey & Glasser, LLP are qualified and able to litigate the Class Members' claims.

56. The Class is maintainable under subsection (1) of Rule 23(b) because the prosecution of separate actions by individual Class Members would (a) create a risk of

inconsistent or varying adjudications and establish incompatible standards of conduct for defendants, and (b) would as a practical matter be dispositive of the interests of others.

57. The class is maintainable as a class action under subsection (2) of Rule 23(b) because defendants have acted and refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and declaratory relief to all Class Members.

58. The Class is maintainable under subsection (3) of Rule 23(b) because common questions of law and fact predominate among the Class Members and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## WILLFULLNESS

59. Plaintiffs repeat and reallege all the preceding paragraphs of this complaint above, as if fully set forth herein.

60. All actions by Defendant were willful and not the result of mistake or inadvertence.

61. Defendant knew or should have known that the FLSA applied to those employees engaged in the operation of its fleet of vehicles which included vans, trucks, sedans, and personal vehicles, many of which weighed less than 10,000 pounds.

62. Defendant knew of or should have been aware of previous litigation relating to wage and hour violations involving the misclassification of fleet personnel in a fleet including vehicles weighing less than 10,000 pounds.

63. Defendant knew of or should have been aware of changes to the Motor Carrier Exemption made by Congress through the Safe, Accountable, Flexible, Efficient

Transportation Equity Act: A Legacy for Users (SAFETEA-LU), Pub. L. No. 109-59, 199 Stat. 1144 (2005), passed on August 10, 2005.

64. Defendant knew of or should have known of the subsequent changes to the Motor Carrier Exemption found in the SAFETEA-LU Technical Corrections Act (TCA), Pub. L. No. 110-244, 122 Stat. 1572 (2008) passed on June 6, 2008.

65. Law in support of the position taken by Plaintiffs is reflected in the U.S. Department of Labor – Wage and Hour Division Fact Sheet #19.

66. Despite being on notice of its violations, Defendant chose to continue to misclassify Plaintiff and other members of the proposed class and withhold overtime wages to them in an effort to enhance its profits.

## COUNT I

### Individual Claims for Violations of the Fair Labor Standards Act

67. Plaintiffs repeat and reallege all the preceding paragraphs of this complaint above, as if fully set forth herein.

68. Defendant intentionally misclassified the Plaintiffs as exempt.

69. Defendant deprived Plaintiffs of overtime compensation for all hours over forty (40) per week, unless the plaintiffs worked for six consecutives days within the same week, in violation of the FLSA.

70. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, and in bad faith.

71. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees

provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

72. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## COUNT II

### Collective Action Claim for Violation of the FLSA by Plaintiffs and All Those Similarly Situated

73. Plaintiffs repeat and reallege all the preceding paragraphs of this complaint above, as if fully set forth herein.

74. Defendant intentionally misclassified the Plaintiffs and those similarly situated as exempt.

75. Defendant deprived Plaintiffs and those similarly situated of overtime compensation for all hours over forty (40) per week, unless these individuals worked for six consecutive days within the same week, in violation of the FLSA.

76. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, and in bad faith.

77. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and those similarly situated for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA.

## COUNT III

### Unjust Enrichment

78. Plaintiffs repeat and reallege all the preceding paragraphs of this complaint above, as if fully set forth herein.

79. All of the uncompensated overtime work performed by Plaintiffs and Class Members was and is for the benefit of Defendant because it is Defendant that requires such overtime work to be performed.

80. Despite its knowledge, Defendant chose to accept the benefits of Plaintiffs and Class Members' uncompensated labor for itself.

81. By unjustly receiving the value of Plaintiffs and Class Members' labor without providing proper compensation therefore, Defendant obtained substantial benefits and was unjustly enriched and Plaintiffs and class members expense.

82. Such conduct was detrimental to Plaintiffs and Class Members.

83. Defendant's conduct was willful and not the result of a mistake or inadvertence.

84. It would be inequitable for Defendant to retain the benefits received.

85. As a direct result of Defendant's unlawful, unjust, and inequitable conduct, Plaintiffs and Class Members have suffered injury, incurred damages, and suffered financial loss in an amount to be determined at trial.

86. Accordingly, Plaintiffs on behalf of Class Members seek appropriate relief against Defendant including damages, restitution, prejudgment interest, attorney's fees, costs, and all other relief that the Court deems just and appropriate.

## **PRAYER FOR RELIEF**

87. WHEREFORE, Plaintiffs, on behalf of themselves, for others similarly situated, and on behalf of Class Members, respectfully pray for declaratory relief and damages as follows:

 a. A declaratory judgment that Defendant Loomis' practices alleged herein violated the Fair Labor Standards Act, 29 U.S.C § 201, *et seq.* and the related regulations.

 b. Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act 29 U.S.C § 201, *et seq.* and the attendant regulations at 29 C.F.R. § 516 *et seq.*

 c. Judgment for liquidated damages pursuant to the Fair Labor Standards Act 29 U.S.C § 201, *et seq.* and the attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiffs and class members during the applicable statutory period.

 d. Judgment for any and all civil penalties to which Plaintiff and all other similarly situated employees may be entitled.

 e. Judgment against Defendant in the amount that Defendant was unjustly enriched by retaining the benefits of Class Members' labor without paying proper compensation therefore.

 f. An order directing Defendant to pay Plaintiff and Class Members prejudgment interest, reasonable attorney's fees and all costs connected with this action.

 g. Such other and further relief as this court may deem necessary, just, and proper

Dated: January __, 2013

Respectfully Submitted,
TENESHIA BULLOCK, Plaintiff
REGINALD SPENCE, Plaintiff
MIGUEL OCASIO, Plaintiff

By: _____

Joshua Erlich (VA Bar No. 81298)
The Erlich Law Office, PLLC
2111 Wilson Blvd.
Suite 700
Arlington, VA 22201
Tel: (703) 791-9087
Fax: (703) 351-9292
Email: jerlich@erlichlawoffice.com

Gregory Y. Porter (VA Bar No. 40408)
BAILEY & GLASSER LLP
910 17th Street, NW
Suite 800
Washington, DC 20006
Tel: (202) 463-2101
Fax: (202) 463-2103

*Attorney for Plaintiffs*